ELECTRONICALLY FILED
Craighead County Circuit Court in Jonesboro
David Vaughn, Craighead Circuit Clerk
2025-Mar-24 10:47:18
16JCV-25-746
C02D01 : 5 Pages

**IN THE CIRCUIT COURT OF CRAIGHEAD COUNTY, ARKANSAS**
**CIVIL DIVISION**

**ANDY THOMAS** **PLAINTIFF**

**VS.** **CLAIM NO. ________________**

**NASH THOMAS, Each in his Individual Capacity and in his Official Capacity as a Police Officer for the CITY JONESBORO, ARKANSAS AND JOHN DOES 1-10** **DEFENDANTS**

## COMPLAINT

Comes the Plaintiff, **ANDY THOMAS**, by and through counsel, **SUTTER & GILLHAM, P.L.L.C.**; and, for this this Complaint, do state:

1. Plaintiff, **ANDY THOMAS**, is a resident and citizen of Craighead County, Arkansas.

2. Plaintiff, **ANDY THOMAS**, suffered injury at the hands of Defendant **NASH THOMAS**. As such, Plaintiff brings the present action.

3. Plaintiff sues Defendant **NASH THOMAS** under the Arkansas Civil Rights Act of 1993, as well as 42 USC 1983. Plaintiff also sues Defendant **NASH THOMAS** for the tort of Outrage.

4. Defendant **NASH THOMAS and John Does 1-10** serve as a Police Officer for the **CITY OF JONESBORO, ARKANSAS.**

5. Defendant **NASH THOMAS** is sued in his individual capacity as well as his official capacity as a duly appointed and acting Police Officer of the **CITY OF JONESBORO, ARKANSAS.**

6. This is an action for excessive force as well as violation of Plaintiff's State and Federal Constitutional Rights, including Plaintiff's rights under the Fourth Amendment to the

United States Constitution. Accordingly, Plaintiff brings this action under the Arkansas Civil Rights Act of 1993.

7. Plaintiff also brings the present action against Defendant for the tort of Outrage.

8. Since the acts giving rise to the present case arose in this County, venue is proper in this Court. This Court has personal and subject matter jurisdiction.

9. All actions were taken under the color of law.

## **GENERAL ALLEGATIONS OF FACT**

10. On December 28, 2022, Plaintiff was in his vehicle in the parking lot of the Kum & Go located on Red Wolf Boulevard in Jonesboro, Arkansas.

11. Defendant approached Plaintiff's vehicle.

12. Plaintiff's dog was present with him in his vehicle and lunged from the back seat. This knocked the cherry of Plaintiff's cigarette into the back of Plaintiff's pants. Plaintiff started trying to remove the burning part of the cigarette from the back of his pants.

13. Defendant told Plaintiff to stop digging in the back of his pants and eventually pulled his gun and levelled it at Plaintiff.

14. During this time, Defendant mistakenly referred to Defendant as Bruce.

15. Plaintiff eventually put his hands on the steering wheel.

16. Defendant removed Plaintiff from his vehicle and placed him in handcuffs.

17. Defendant accused Plaintiff of hiding methamphetamine in his anal cavity, which Plaintiff denied. Plaintiff stated his had hemorrhoids.

18. Defendant proceeded to search Plaintiff and, during the search, inserted his fingers into Plaintiff's anal cavity. Plaintiff had a hemorrhoid and Defendant grabbed it while his fingers

were inside Plaintiff's anus. Plaintiff protested. John Does 1-10 failed to intervene and aided and abetted the tort.

19. Defendant then removed his fingers from Plaintiff's anal cavity.

20. A short time later, Defendant attempted placed his fingers in Plaintiff's anus a second time. Plaintiff protested this as well.

21. Defendant found nothing in Plaintiff's anus either time.

22. Plaintiff was eventually placed back in the police car and taken to jail.

23. No contraband was ever found on Plaintiff's person.

24. These events took place outdoors in public view.

**COUNT I**

25. Plaintiffs reallege the foregoing as if more fully set out herein.

26. By virtue of the facts alleged herein, Plaintiff was subjected to excessive and unreasonable force by Defendant, who were acting in his capacity as law enforcement officers during their encounter with Plaintiff.

27. Plaintiff had a right to be free of excessive force, and Defendant violated this right, as well as Plaintiff's clearly established substantive Due Process right to bodily integrity.

28. Plaintiff brings actions under the Arkansas Civil Rights Act of 1993 to redress violation of his rights under the Arkansas Constitutions.

29. The City of Jonesboro failed to train Defendant, which caused the aforementioned violations of Constitutional rights.

30. The City of Jonesboro never disciplined or reprimanded Defendant, thereby ratifying his conduct as a matter of policy.

31. Defendant's acts and omissions were the proximate cause of physical pain as well as severe physical, mental, and emotional distress suffered by Plaintiff.

32. Defendant's actions have been so egregious as to warrant the imposition of punitive damages against him in his individual capacity.

## COUNT II

33. Plaintiffs reallege the foregoing as if more fully set out herein.

34. Plaintiff has sustained damages.

35. Defendant willfully and wantonly engaged in extreme and outrageous conduct intolerable in a civilized society.

36. Such conduct proximately caused damage in the nature of physical pain and emotional distress.

37. Defendant has committed the tort of outrage upon Plaintiff.

38. As a direct and proximate cause of the actions and omissions by Defendant alleged herein, Plaintiff has incurred damages in an amount to be determined at trial.

39. Defendant has acted in intentional, malicious, and willful violation of the law, meriting punitive damages.

## JURY TRIAL DEMAND

40. Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiff, **ANDY THOMAS**, prays for appropriate compensatory and punitive damages exceeding $250,000; for attorneys' fees and costs; for a trial by jury; and, all other relief the Court deems just and proper.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
1501 N. Pierce, Ste. 105
Little Rock, AR 72207
501/315-1910 Office
501/315-1916 Facsimile
*Counsel for Plaintiff*

By: */s/ Luther Oneal Sutter*
Luther Oneal Sutter, Esq., ARBN 95-031
luther.sutterlaw@gmail.com

By: */s/ Lucien R. Gillham*
Lucien R. Gillham, Esq. ARBN 99-199
lucien.gillham@gmail.com